PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YUSEF-MALIK E. MYRICK, | ) | |
| | ) | CASE NO.  4:25-CV-2086 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| J. ELLIS, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

On January 26, 2026, the Court issued an Order prompting *pro se* Plaintiff Yusef-Malik E. Myrick to complete the U.S. Marshals Service forms and summonses for service on all Defendants.  ECF No. 5.  On February 26, 2026, Plaintiff submitted the required forms for all but five named Defendants: Douglas Fender, Jacob Hall, Alysa DeGeorge, William Potter, and Kevin Ross.  ECF No. 6.

Plaintiff is responsible for providing the Court with the current address of the party he wishes to serve.  *See Paulson v. Doe*, No. 96 Civ. 7552 (KMW)(RLE), 1997 U.S. Dist. LEXIS 15733, at *4 (S.D.N.Y. Oct. 3, 1997) ("it is not the responsibility of the [Court's] Pro Se Office to provide plaintiffs with the names and addresses of the defendants which they sue"). "[N]either the Marshal[s] Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." *DeRoche v. Funkhouser*, No. 2:06cv01428, 2008 WL 4277659, at *1 (D.Ariz. Sept.16, 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)); *see also Hill v. Ortiz*, No. 07-cv-

(4:25CV2086)

00571-LTB-CBS, 2008 WL 2020289, at * 6 (D.Colo. May 9, 2008) (court need not require the U.S. Marshals Service or Clerk of Court to search for defendants).

An incarcerated *pro se* plaintiff is entitled to rely on the U.S. Marshals Service for service of the summons and complaint.  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990). Typically, however, the plaintiff must provide the necessary information and documentation to effect service.  It is not the responsibility of the Marshals Service to obtain addresses.  A *pro se* plaintiff is entitled to rely on the Marshals Service for service only to the extent plaintiff has provided the information needed to help effectuate service.  *See id.*; *Carr v. City of Greenville,* No. 5:01-CT-338-H, 2002 WL 31097453, at *1 (E.D.N.C. Jan. 28, 2002), *aff'd sub nom.,* 33 Fed.Appx. 140 (4th Cir. 2002) ("[i]t is not the responsibility of the Marshals Service to obtain addresses.").

Fed. R. Civ. P. 4(m) requires the plaintiff to serve the summons and complaint upon a defendant within 90 days after the complaint is filed.  Plaintiff intimates that these five individuals are no longer employed at Northeast Ohio Correctional Center ("NEOCC") and that he does not know their current addresses to complete service.  The Court grants Plaintiff an additional 21-day extension of the Rule 4(m) cutoff from the date of this Order.  If Plaintiff cannot show good cause why service of the summons and complaint was not made on or before Monday, March 23, 2026, the action against the Defendants Fender, Hall, DeGeorge, Potter, and Ross will be dismissed without prejudice.

IT IS SO ORDERED.

February 27, 2026
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

2