**United States District Court**

**Northern District Of Ohio**

Yusef-Malik E. Myrick

Plaintiff, Pro Se

v.

J. Ellis, Et al,

**Defendants**

Case No.: 4:25-CV-020086-BYP

**Judge: B. Pearson**

**Emergency Motion For Writ Of Mandamus And Temporary Restraining Order**

Yusef-Malik E. Myrick, proceeding pro se, respectfully moves this Court for (1) a writ of mandamus compelling Defendants to restore meaningful access to legal materials, electronic discovery, and legal storage devices, and (2) a Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65.

**I.) Introduction**

Myrick is a pretrial federal detainee housed at North-East Ohio Correctional Center ("NEOCC"), operated by CoreCivic under contract with the United States Marshals Service.

Myrick is:

- Pro se in a criminal case pending in the United States District Court for the Western District of New York (Case No. 22-cr-175), and

- Pro se plaintiff in this § 1983 civil action.

Although standby counsel has been appointed in the criminal case, Myrick is not represented in this civil action. Since filing this action, Defendants 3, 4, 5, and 10—administrators at NEOCC—have progressively restricted and now completely denied Myrick access to the law library and confiscated two flash drives containing criminal discovery and legal work-product.

The total denial began after a February 15, 2026 Use-of-Force incident in restrictive housing. Myrick was informed he would not be permitted to use the law library "going forward" due to "property restriction," and that he "won't need" his flash drives.

Without access to:

- legal research tools,

- stored case law,

- electronic discovery from the AUSA, and

- his own work-product,

Myrick is wholly unable to litigate either case.

### II.) Jurisdiction

Jurisdiction is proper under ***28 U.S.C. §§ 1331*** and ***1343.***

Authority for injunctive relief arises under ***Fed. R. Civ. P. 65***.

Mandamus relief is sought pursuant to ***28 U.S.C. § 1361***.

### III.) Legal Standards

#### A.) Access to Courts

In ***Bounds v. Smith***, the Supreme Court held that prisoners must be provided meaningful access to the courts. The Court recognized that access may require law libraries or adequate legal assistance.

In ***Lewis v. Casey***, the Court clarified that denial of legal resources violates the Constitution when it causes "actual injury" to pending or contemplated litigation.

The Sixth Circuit has repeatedly held that actual injury includes inability to prepare filings, meet deadlines, or access necessary legal materials. See, e.g., ***Thaddeus-X v. Blatter (en banc)***.

Myrick is suffering ongoing actual injury:

- inability to review discovery,

- inability to cite case law,

- inability to access stored pleadings,

- inability to prepare filings in both matters.

This is not inconvenience; it is total deprivation.

## B.) Retaliation

Under ***Thaddeus-X v. Blatter***, retaliation for filing lawsuits violates the First Amendment. A claim requires:

- Protected conduct,

- Adverse action,

- Causation.

Filing this civil action is protected conduct.

Complete denial of law library access is adverse action.

The temporal sequence—restrictions intensifying after filing this lawsuit—demonstrates causation.

## C.) Due Process

Pretrial detainees retain substantive due process protections under the Fifth Amendment. Restrictions that are punitive, arbitrary, or unrelated to legitimate governmental objectives violate due process. See ***Bell v. Wolfish***.

**An indefinite ban on legal access unrelated to institutional safety is punitive.**

## D.) Equal Protection

**The Fourteenth Amendment prohibits discriminatory treatment of similarly situated detainees without rational basis. Myrick is being denied access while other detainees are permitted access.**

## E.) Sixth Amendment Implications

Although Judge Sinatra in the United States District Court for the Western District of New York ruled that Myrick has no independent Sixth Amendment right to a law library due to standby counsel, that ruling is currently under interlocutory appeal before the United States Court of Appeals for the

Second Circuit.

**Regardless, Myrick is pro se in this civil action. Moreover, confiscation of discovery and work-product directly interferes with the ability to assist in his own defense.**

### F.) Federal Performance-Based Detention Standards

The U.S. Marshals Service's ***Federal Performance-Based Detention Standards*** (May 2025), ***§ G.2.3.a***, provide that pro se detainees are to be afforded maximum access to legal materials.

**Defendants' actions contravene these standards.**

### G.) Obstruction of Justice – Omnibus Clause

***18 U.S.C. §1503(a)*** provides:

"Whoever... corruptly... endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished..."

Seizing a pro se pretrial detainee's discovery and work product while he is actively litigating criminal charges and a civil action constitutes interference with the due administration of justice.

The confiscation of the thumb drives containing:

- Governmental discovery;

- Draft motions; and

- Legal research

materially obstructs Myrick's ability to defend himself.

### IV.)TRO Standard

Under ***Rule 65***, Myrick must show:

- Likelihood of success on the merits


- Irreparable harm

- Balance of equities

- Public interest

### 1.) Likelihood of Success

Myrick demonstrates ongoing actual injury under ***Lewis*** and retaliation under ***Thaddeus-X***.

### 2.) Irreparable Harm

Loss of constitutional rights constitutes irreparable harm.

Denial of access preventing defense of a criminal case is irreparable

### 3.) Balance of Equities

There are other administrators of equal rank within the facility who can assume administrative duties concerning Myrick. Relief would not impair operations.

### 4.) Public Interest

The public has a strong interest in the protection of constitutional rights and the integrity of judicial proceedings.

### V.)Mandamus Relief

Mandamus is appropriate where:

- Myrick has a clear right to relief,

- Defendants have a clear duty to act,

- No other adequate remedy exists.

Myrick has no alternative remedy. Internal grievances have failed. Immediate judicial intervention is required.

### VI.)Requested Relief

Myrick respectfully requests:

- Immediate restoration of meaningful law library access.

- Immediate return of both flash drives.

- Immediate access to stored electronic discovery and work-product.

- A TRO prohibiting Defendants from:

  - Having direct contact with Myrick;

  - Making administrative decisions concerning Myrick;

  - Restricting legal access pending final resolution.

  - Reassignment of the named Defendants away from Marshal-side administrative control over Myrick.

- **An evidentiary hearing.**

## VII.) EXHIBITS

Myrick has provided the Court with his most recent grievance regarding denial of access and will supplement the record with additional grievances and requests when copies become available.

Myrick encourages this Court to review the numerous filings in his WDNY criminal case documenting ongoing struggles regarding "Pro-Se Necessities."

## VIII.) URGENCY

Without intervention:

- Myrick cannot review discovery.

- Myrick cannot prepare filings.

- Myrick cannot access stored legal work.

- Myrick's ability to defend against federal criminal charges is effectively halted.

- **The deprivation is total and ongoing.**

## IX.) CONCLUSION

Defendants' conduct represents abuse of discretion, retaliation for protected activity, and unconstitutional denial of access to courts.

For these reasons, Myrick respectfully requests that this Court issue an immediate Temporary Restraining Order and Writ of Mandamus.

Respectfully submitted,

Yusef-Malik E. Myrick

Pro Se Plaintiff

2/25/26