**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| YUSEF-MALIK E. MYRICK,<br><br>    Plaintiff,<br><br>  v.<br><br>J. ELLIS, et al,.<br><br>    Defendants. | CASE NO. 4:25-cv-2086<br><br>JUDGE BENITA Y. PEARSON<br><br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING AND FOR AN ORDER DIRECTING SERVICE ON DEFENDANTS CAMEROT, CRENSHAW, DOUGLAS, FRAZZINI, KOZICKI, AND SABO** |

Defendants CoreCivic, Inc. ("CoreCivic"), Northeast Ohio Correctional Center ("NEOCC"), and A. DeGorge respectfully move this Court for a thirty-day extension of time, from June 17, 2026 until July 17, 2026, to respond to Plaintiff's Complaint (Dkt. 1).  For the reasons stated in detail below, Defendants also respectfully request that the Court order the United States Marshals Service ("USMS") to serve Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo in accordance with applicable rules of service and, assuming service is completed, to allow Defendants Ellis, Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo until July 17, 2026 to respond to Plaintiff's Complaint to avoid piecemeal briefing and duplication.  This request is made in good faith and not for the purpose of delay.

## I.    Relevant Background.

CoreCivic owns and operates NEOCC in Youngstown, Ohio.  CoreCivic was made aware of this lawsuit on May 27, 2026, when facility personnel at NEOCC received copies of summonses and Complaints directed to Defendants CoreCivic, NEOCC, Ross, DeGeorge, and Hall.  These

summonses and Complaints were sent to NEOCC by the USMS via FedEx.  Undersigned counsel was notified of this lawsuit on May 27, 2026, while she was on a pre-planned trip.  Undersigned counsel returned from her trip on May 29, 2026, at which time she reviewed the case docket and all filings and orders on the docket to date.  A brief procedural history is set forth below.

This case was filed by USMS pretrial detainee Yusef-Malik Myrick ("Plaintiff") on October 1, 2025.  (Dkt. 1.)  Plaintiff, who is pro se and is proceeding *in forma pauperis*, is asserting various claims and allegations involving an alleged use of force incident and his subsequent placement in segregation at NEOCC.  (Dkt. 1 at 3–9, Dkt. 2, Dkt. 4.)  He appears to be asserting all claims under 42 U.S.C. § 1983 for the purported violation of his Fifth, Eighth, and Fourteenth Amendment rights.  (*Id.*)  He is seeking compensatory and punitive damages in addition to declaratory and injunctive relief.  (*Id.* at 9.)

Plaintiff is suing the following fifteen (15) Defendants: (1) J. Ellis; (2) D. Fender; (3); J. Crenshaw; (4) J. Frazzini (incorrectly spelled "Frazini"); (5) B. Douglas; (6) W. Potter; (7) C. Kozicki; (8) J. Camerot; (9) K. Ross; (10) J. Sabo; (11) J. Hall; (12) A. DeGeorge; (13) C. Blair; (14) Core Civic Inc. [sic]; and (15) NEOCC.  (Dkt. 1 at 2–3.)  Plaintiff alleges that the individual Defendants worked at NEOCC at all times relevant to his Complaint and were, presumably, CoreCivic employees.  (*Id.*)

On January 26, 2026, this Court ordered Plaintiff to provide the Clerk's Office with completed USMS forms and summonses for service on all Defendants by no later than February 25, 2026.  (Dkt. 5 at 1.)  Plaintiff was also ordered to file a Notice of Compliance with the completed forms and copies and was informed that failure to do so would result in dismissal of his action.  (*Id.* at 1–2.)  Plaintiff filed a notice on February 26, 2026, informing the Court that "several of the named Defendants" are no longer employed by CoreCivic—specifically, Defendants

2

Fender, Hall, DeGeorge, Potter, and Ross—and that he was unable to provide addresses for service.  (Dkt. 6 at 1.)  He provided summons forms for Defendants Douglas, Frazzini, Ellis, Ross, Sabo, Camerot, Crenshaw, Blair, Kozicki, and blank forms for Defendants Potter, Fender, Hall, and DeGeorge.  (Dkt. 6-1.)  He provided Process Receipt and Return forms for Defendants Douglas, Frazzini, Ellis, Ross, Sabo, Camerot, Crenshaw, Potter, Fender, Hall, DeGeorge, Blair, and Kozicki.  (Dkt. 6-2.)  Summonses were issued to all Defendants except for CoreCivic and NEOCC.  (Dkt. 7.)  On February 27, 2026, this Court issued an Order finding that Plaintiff failed to submit the required forms for Defendants Fender, Hall, DeGeorge, Potter, and Ross, and it gave Plaintiff until March 23, 2026, to attempt to complete service on those Defendants or warned that they would be dismissed.  (Dkt. 8 at 1–2.)

On March 4, 2026, the USMS filed Process Receipt and Return forms for Defendants Potter, Ross, Hall, DeGeorge, Blair, and Fender, indicating that these Defendants could not be served at NEOCC because they were no longer employed by CoreCivic.  (Dkt. 10 at 1–6.)

On March 10, 2026, the USMS filed Process Receipt and Return forms for Defendants Douglas, Camerot, Kozicki, Crenshaw, Frazzini, and Sabo.  (Dkt. 11 at 1–6.)  These forms were signed by an authorized USMS Deputy or Clerk and were dated February 27, 2026.  (*Id.*)  Under the "Remarks" section of each form, it states that these Defendants were "Served via FedEx 889398605826" on March 10, 2026 at 10:16 a.m. at NEOCC.  (*Id.*)  No signature or proof of receipt was filed, and indeed the FedEx tracking number shows that no signature was required.[1] Facility personnel responsible for receiving and processing service packets received at the facility have since confirmed that they never received these packages.

---

[1] https://www.fedex.com/fedextrack/?trknbr=889398605826&trkqual=2461108000~88939860582 6~FX (last accessed June 1, 2026).

On March 12, 2026, the USMS filed a Process Receipt and Return form for Defendant Ellis.  (Dkt. 12.)  That form was signed by the same individual and was dated February 27, 2026.  (*Id.*)  The form indicates that Defendant Ellis was served "via FedEx 89398674447" on March 12, 2026 at 10:06 a.m. at CoreCivic's headquarters in Brentwood, Tennessee.  (*Id.*)  While the FedEx tracking number shows that the package was signed for by "S. Beckner," no signature or proof of receipt was filed.  Defendant Ellis has since confirmed that he never received a service packet.

On April 22, 2026, the Court issued an Order, finding that Plaintiff had not perfected service on Defendants Potter, Ross, Hall, DeGeorge, Blair, or Fender, and had not demonstrated good cause as to why.  (Dkt. 15 at 1.)  It also found that Plaintiff failed to provide the proper forms and summonses for Defendants CoreCivic and NEOCC and offered no explanation or demonstrated good cause for the delay.  (*Id.*)  The Court ordered Plaintiff to serve Defendants CoreCivic, NEOCC, Potter, Ross, Hall, DeGeorge, Blair, and Fender by May 12, 2026, or the case would be dismissed without prejudice.  (*Id.* at 2.)

The Court also found that Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo had been served on March 10, 2026, and that Defendant Ellis was served on March 12, 2026, and that these Defendants failed to file a responsive pleading.  (Dkt. 15 at 2.)  Plaintiff was directed to file with the Clerk of Court an appropriate application for entry of default under Fed. R. Civ. P. 55(a) or show cause why the above-entitled case should not be dismissed for want of prosecution as to Defendants.  (*Id.*)  Plaintiff failed to do so.

On May 15, 2026, summonses were issued to Defendants Blair, CoreCivic, DeGeorge, Hall, NEOCC, and Ross.  (Dkt. 16.)  Plaintiff stated that Defendant "Charles Blaire" is actually "Laine Blair" and that he supplied a corrected summons.  (*Id.* at 1.)  He also stated that he was attempting to locate Defendants Fender and Potter and would be sending those summonses at a

4

later date.  (*Id.*)  On May 27, 2026, and as stated above, NEOCC received copies of summonses and Complaints directed to Defendants CoreCivic, Ross, DeGeorge, NEOCC, and Hall.  These service packets were sent by the USMS via FedEx to the facility.  No other service packets have been received.

**II.     Plaintiff Failed to Complete Service on Defendants Potter, Ross, Hall, Blair, and Fender Pursuant to the Court's April 22, 2026, Order.**

Plaintiff admitted that Defendants Fender, Hall, DeGeorge, Potter, and Ross were no longer employed at NEOCC.  (Dkt. 6 at 1.)  Despite this admission, he submitted forms for Defendants Hall, DeGeorge, and Ross with NEOCC's address.  (*See* Dkt. 16-1 at 1, 3, 11.)  Defendants Hall and Ross are not located and/or employed at NEOCC and did not receive the service packets on May 27, 2026. [2]  (*See* Dkt. 15.)  Defendant DeGeorge has since returned to NEOCC as an officer and was employed by CoreCivic at the time the service packets were sent there.[3]

With respect to Defendants Potter and Fender, Plaintiff admits that he never submitted forms for Potter or Fender because he is still attempting to locate them.  (Dkt. 16 at 1.)  Plaintiff, therefore, admits that he failed to comply with the Court's May 12, 2026, service deadline for Defendants Potter and Fender.  (*See* Dkt. 15.)

With respect to Defendant Blair, it appears that Plaintiff directed his service packet to an address in Hampton, Tennessee.  (Dkt. 16-1 at 9.)  If Plaintiff is attempting to serve Defendant Blair at CoreCivic's corporate headquarters, that address is incorrect.  Moreover, there is no indication that those documents were mailed or received, or that Defendant Blair was served.

Accordingly, Plaintiff failed to serve Defendants Fender, Potter, Hall, Ross, and Blair by

---

[2] NEOCC personnel will be advising the USMS that these Defendants are no longer employed at NEOCC and that the service packets are undeliverable.

[3] Defendant DeGeorge reserves her right to move to dismiss all claims pursuant to Rules 12(b)(5) and (6).

the Court's May 12, 2026 deadline.  His Complaint should be dismissed against these Defendants pursuant to Rule 4(m) and the Court's Order.  (Dkt. 15.)

**III.     Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo Were Not Properly Served and These Defendants, Along with Defendant Ellis, Never Received a Copy of the Summons or Complaint.**

Rule 4(c) provides that a summons must be served with a copy of the complaint within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c).  Pursuant to Local Rule 4.1(a), where a plaintiff has been granted leave to proceed *in forma pauperis*, the USMS shall be directed to serve the summons and complaint pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3).  *See* LR 4.1(a).

Under Rule 4(e), an individual other than a minor, incompetent person, or a person whose waiver has been filed, may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located.  *See* Fed. R. Civ. P. 4(e)(1).  An individual may also be served by doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  *See* Fed. R. Civ. P. 4(e)(2).  There is no indication or evidence that service was completed using the mechanisms outlined in Rule 4(e)(2).  Thus, the USMS was required to follow Ohio state law in serving a summons pursuant to Rule 4(e)(1).  *See also* LR 4.2.

Rules 4.1 and 4.3 of the Ohio Rules of Civil Procedure govern methods of service in Ohio. Rule 4.1(A)(1) provides that the Clerk of Court may attempt service by certified or express mail or commercial carrier.  Pursuant to Rule 4.1(A)(1)(b), "the clerk may make service of any process by a commercial carrier service utilizing any form of delivery **requiring a signed receipt**."  It further provides that the clerk "shall deliver a copy of the process and complaint or other document

to be served to a commercial carrier service for delivery at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk, with instructions to the carrier to return a signed receipt showing to whom delivered, date of delivery, and address where delivered."  Ohio Civ. R. 4.1(A)(1)(b).  Under Rule 4.1(A)(2), the clerk "shall forthwith enter on the appearance docket the fact of delivery to the United States Postal Service for mailing or the fact of delivery to a specified commercial carrier service for delivery, and make a similar entry when the return receipt is received."

Assuming this provision applies to service of process by the USMS in this case, it failed to comply with these rules with respect to Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo.  Sending service packets to a correctional facility via FedEx without requiring a signature or otherwise ensuring that it was received by the recipient or a person authorized to receive those documents is not sufficient service.  The facility receives hundreds, if not thousands, of pieces of mail each week. Although the FedEx tracking information shows that it was delivered to NEOCC, the facility personnel responsible for receiving and forwarding this mail confirmed that they never received it, and there is no indication that anyone at the facility received the package or opened it, much less that any of its intended recipients did the same.  While a service packet is generally permitted to be left at an individual's place of employment, the USMS must still file a proof of service showing that the packet was signed for in order "to apprise interested parties of the action and to afford them an opportunity to respond." *See Mustin v. Wainwright*, Case No. 3:21-cv-321, 2025 WL 2062246, at *2–3 (N.D. Ohio July 23, 2025) (finding that service by USMS using FedEx certified mail was proper under the Ohio Rules of Civil Procedure governing service because "each summons was addressed to the correct defendant, was delivered to their place of employment, *and was signed for by an individual at that place of employment.*") (emphasis added).

That did not occur here.[4]

The USMS also failed to comply with the rules for out-of-state service on Defendant Ellis. Under Rule 4.3 of the Ohio Rules of Civil Procedure, service on an out-of-state defendant may be made via personal service or in the same manner as provided in Rule 4.1. Ohio Civ. R. 4.3(B). While the FedEx tracking number shows that the service packet was signed for by "S. Beckner" at CoreCivic's headquarters, the USMS failed to file a signature or proof of service showing that Defendant Ellis was served. Although the USMS's failure to file proof of service may not impact the validity of service, *see* Ohio Civ. R. 4.3(B), Defendant Ellis confirmed that he never received the service packet, and neither CoreCivic nor undersigned counsel were made aware of Plaintiff's Complaint until May 27, 2026.

Thus, Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, Sabo, and Ellis never received a copy of the summons or Complaint in this case and at least Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo were not properly served. They should not be held in default. And even if they could, Plaintiff failed to comply with the Court's Order directing him to file an application for entry of default under Rule 55(a) or show cause why the case should not be dismissed for want of prosecution. (*See* Dkt. 15 at 2.)

Accordingly, Defendants respectfully request either an order directing USMS to serve Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo,[5] or a 30-day extension of

---

[4] The service packets received at the facility directed to CoreCivic, NEOCC, Ross, DeGeorge, and Hall are likewise deficient in that no signature was required and none was provided. Defendants CoreCivic, NEOCC, and DeGeorge reserve their right to raise any defense as to insufficient service of process at the motion to dismiss stage.

[5] An order directing the USMS to serve these Defendants will conserve judicial resources in that it will obviate the need for these Defendants to move to dismiss the Complaint pursuant to Rule 12(b)(5), which will in turn obviate the need for the Court to order proper service on these Defendants in the future.

time, until July 17, 2026, to move to dismiss Plaintiff's Complaint under Rule 12(b)(5) for insufficient service of process.[6]

**IV.     An Extension of Time is Necessary to Attempt to Rectify Outstanding Service Issues and for All Served Defendants to Respond to the Complaint.**

Defendants CoreCivic, DeGeorge, and NEOCC received a copy of the Complaint on May 27, 2026. Their deadline to respond to the Complaint is June 17, 2026. Defendants intend to raise several issues at the motion to dismiss stage, and require additional time to review the case, the factual allegations and claims asserted, and to prepare a responsive pleading.

In addition, if the Court directs the USMS to serve Defendants Camerot, Crenshaw, Douglas, Frazzini, Kozicki, and Sabo, additional time is necessary to do so. Defendants request the opportunity to file a single responsive pleading on behalf of all served Defendants to streamline the issues and to avoid duplication and piecemeal briefing. Thus, Defendants respectfully request that the Court set a single responsive pleading deadline of July 17, 2026 for all served Defendants to respond to Plaintiff's Complaint.

No previous requests for an extension have been made. This Motion is made in good faith and is not submitted for the purpose of delay.

---

[6] Defendants also reserve their right to move to dismiss Plaintiff's complaint based upon his failure to state a claim under Fed. R. Civ. P. 12(b)(6).

RESPECTFULLY SUBMITTED this 1st day of June, 2026.

By:/s/ Dana M. Keene
      Daniel P. Struck, Bar No. AZ012377
      Dana M. Keene, Bar No. 0105374
      STRUCK LOVE ACEDO, PLC
      3100 West Ray Road, Suite 300
      Chandler, AZ  85226
      dstruck@strucklove.com
      dkeene@strucklove.com
      Telephone:  (480) 420-1600
      Facsimile:  (480) 420-1695

      *Attorneys for Defendants CoreCivic, Inc., Northeast Ohio Correctional Center, A. DeGeorge, and J. Ellis*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and caused a true and correct copy of the same to be mailed via First Class United States Mail to Plaintiff at the following address:

Yusef-Malik E. Myrick
#79601-509
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

*Plaintiff Pro Se*

/s/ Dana M. Keene
Dana M. Keene

10