**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YUSEF-MALIK E. MYRICK, | ) | CASE NO. 4:25-cv-02086-MJH |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL J. HENDERSHOT |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| J. ELLIS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

In this prison-conditions lawsuit, all defendants move to dismiss. [R.25.] Plaintiff Yusef-Malik E. Myrick, who is incarcerated and proceeding pro se, has not opposed the motion.

Myrick has, though, filed several motions for emergency relief, including a writ of mandamus, a temporary restraining order, and what he has termed immediate judicial intervention. [R.9, 13, 14.] Defendants did not respond to these motions.

For the reasons below, the Court grants the motion to dismiss [R.25] and denies as moot Myrick's pending motions for emergency relief [R.9, 13, 14].

## I. Background

Myrick is a pretrial detainee at the Northeast Ohio Correctional Center, a private prison in Youngstown, Ohio. [R.1 at 323.] In Myrick's telling, four prison guards assaulted him in July 2024 while returning him to his cell after a dust-up with

another inmate. [R.1 at 325–26.] According to Myrick, one guard "struck him with closed fists in the face and head repeatedly"; another "slammed him on the ground," choked him, and dragged him across the floor by his handcuffs; a third pulled him by the chains restraining his legs; and a fourth "wrapped his arm around [Myrick's] throat." [*Id.* at 326.] Afterward, Myrick says, the guards left him "completely restrained" in his cell for 45 minutes. [*Id.*]

In response, Myrick filed a grievance and requested an investigation. [*Id.* at 326–27.] Prison staff rejected both the grievance and Myrick's appeals of that rejection. [*Id.* at 327.] Myrick's further efforts to challenge those decisions were unsuccessful. [*Id.* at 327–28.]

Next, as the Court understands the complaint, Myrick alleges that prison staff reassigned him to segregated housing in retaliation for his grievance about the July 2024 incident. [*Id.* at 328.] Myrick again filed a grievance requesting his immediate release from segregation and an appeal, both unsuccessful. [*Id.* at 328–29.]

Myrick's final allegation is that, in March 2025, a prison employee punched him in the face. [*Id.* at 329.] Again, Myrick submitted a grievance, which was denied, and requested that the facility help him press charges. [*Id.* at 329–30.] As with the other incidents, Myrick filed an unsuccessful appeal. [*Id.* at 330.]

Myrick then turned to court and filed this pro-se lawsuit against the Center; its owner and operator, CoreCivic; and several employees of the Center. [*Id.* at 323–25.] Before defendants filed their motions to dismiss, the Court dismissed five individuals named in the complaint for lack of service under Civil Rule 4(m). [R.21 at 285–86.]

To Myrick's eye, the just-discussed events violate his rights under the Eighth Amendment, the Fourteenth Amendment's Equal Protection Clause, and the Due Process Clauses of the Fifth and Fourteenth Amendments. [R.1 at 330–31.] Myrick sued under 42 U.S.C. §1983 for money damages. [*Id.*] He also, in his prayer for relief, asks for injunctive relief and a declaratory judgment. [*Id.* at 331.]

## II. Law

Under Civil Rule 12(b)(6), defendants may challenge whether a complaint satisfies the Rule 8(a)(2) requirement "showing that the [plaintiff] is entitled to relief." When assessing such motions, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020) (quotation omitted). The Court must then determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible, a complaint "requires more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. And while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (citations omitted).

When a plaintiff is pro se, as Myrick is, the Court takes special care in applying the Rule 8 standard. Generally, courts treat pro-se litigants more leniently than counseled litigants. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Still,

this leniency "has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), as it does not require courts to "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In other words, leniency does not require courts "to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), or to create a claim for them. *Payne v. Sec'y of the Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *see also Wells*, 891 F.2d at 594.

## III. Analysis

Defendants offer four reasons to dismiss: (1) the Center is a non-jural entity that cannot be sued; (2) §1983 applies only to state and local officials, and Myrick has not named any such officials; (3) even construing the complaint as alleging a *Bivens* claim, which is (sometimes) available against federal officers, *Bivens* does not reach private prisons or their employees; and (4) Myrick fails to state a claim for injunctive relief or declaratory judgment. [R.25.] All four arguments have merit.

### A. The Center is not suable

Defendants rightly note that the Center is merely "the name of a physical building . . . not an entity." [*Id.* at 336.] To see why, start with Civil Rule 17(b)(3), which directs courts to "the law of the state where the court is located" to determine whether an entity like the Center is suable. Applying Ohio law, courts in this district have repeatedly ruled that the Center is not suable. *See, e.g.*, *Brinkley v. Ne. Ohio Corr. Ctr.*, No. 4:26-cv-557, 2026 WL 2279333, at *2 (N.D. Ohio Aug. 7, 2026); *Graham v. Ne. Ohio Corr. Ctr.*, No. 4:24-cv-1468, 2026 WL 972713, at *2 (N.D. Ohio Apr. 10, 2026); *Foster v. Ne. Ohio Corr. Ctr.*, No. 4:25-cv-295, 2025 WL 2299331, at *3 (N.D.

Ohio Aug. 8, 2025); *Picone v. United States Marshal Serv.*, No. 4:15-cv-2033, 2016 WL 5118303, at *3 (N.D. Ohio Sept. 21, 2016); *Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14-cv-1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015). This Court joins the parade and concludes that the Center is not suable. So the Court grants the motion to dismiss the Center.

### B. Myrick's §1983 claims fail because the defendants are not state actors

Defendants are also right that Myrick has no viable §1983 claim. Section 1983 authorizes suits against persons "acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C. §1983. None of the defendants was so acting here.

Myrick's allegations relate to his status as a federal pretrial detainee. [R.1 at 323.] So each defendants' interactions arise from something other than the "color of state law." Start with the Center. Even if the Center were a suable entity, it did not act under state law here. Indeed, "[t]he Sixth Circuit has repeatedly held that when [the Center] provides services for the federal government, such as housing federal pretrial detainees, it is not acting under color of state law and, therefore, cannot be liable under § 1983." *Graham*, 2026 WL 972713, at *2 (citing *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 342 (6th Cir. 2014)); *see also Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012).

The same is true for CoreCivic, the company that runs the Center. And that is why courts in this district hold that CoreCivic does not "act[] on behalf of the State of Ohio and, therefore, cannot be considered [a] state actor[] under §1983." *Wilson v.*

*CoreCivic Inc.*, 4:22-cv-1811, 2023 WL 7109719, at *3 (N.D. Ohio Oct. 27, 2023); *Reed v. Ne. Ohio Corr. Ctr.*, No. 4:25-cv-01109, 2026 WL 850420, at *4 (N.D. Ohio Mar. 27, 2026). Again, this Court follows their lead.

As for the individual defendants, they are no more acting under state law than their employer. The Sixth Circuit has held exactly that—these "employees cannot be considered state actors because they are employees of a privately operated prison, operated for the federal government." *Bishawi*, 628 F. App'x at 342; *see also Carey v. CoreCivic*, 4:23-cv-1386, 2024 WL 2115077, at *2 (N.D. Ohio May 10, 2024).

All told, no defendant acted under color of state law here. And Myrick alleges no facts that could support claims against any defendant under §1983. The Court, therefore, dismisses all claims against the remaining defendants.

### C. The Court will not reformulate Myrick's arguments as *Bivens* claims

Defendants are right a third time that even if the Court reworked Myrick's claims as federal constitutional torts, they would still fail. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). That is because *Bivens* liability does not extend to a private corporation or its employees. *Minneci v. Pollard*, 565 U.S. 118, 120 (2012); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). And Myrick's four claims—as murky as they otherwise are at times—unmistakably cite §1983, not *Bivens*. [R.1 at 323, 330–31.] The Court will not refurbish the complaint for Myrick.

### D. Myrick's requests for injunctive and declaratory relief also fail

Myrick's requested remedies fall along with the substantive failures. Myrick seeks both injunctive relief and a declaratory judgment. These requests concern how

the Center and its employees interact with not only Myrick but other prisoners in the facility. That relief would be beyond the scope of this case, even if the Court had not already dismissed all the substantive claims.

**E. Myrick's pending motions are moot**

As the Court has dismissed Myrick's complaint, his pending motions are moot. *See, e.g.*, *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025); *Boseman v. Mahoning Cnty. Child Support Enf't Agency*, No. 4:25-cv-627, 2025 WL 2402285, at *3 (N.D. Ohio Aug. 19, 2025).

Even if the Court had not dismissed the complaint, the Court would deny them. These motions seek extensive relief untethered from the factual allegations in the complaint. A motion for temporary relief is not a vehicle for "a plaintiff already in court on one claim [to] seek redress for all other conditions of confinement that he finds actionable." *Arrington v. Scott*, 1:12-cv-529, 2013 WL 1080298, at *1 (W.D. Mich. Jan. 7, 2013), *report and recommendation adopted*, 2013 WL 1080296, at *3 (W.D. Mich. Mar. 14, 2023); *see also Graham v. Felty*, No. 1:25-cv-464, 2025 WL 3759278, at *8 (S.D. Ohio Dec. 30, 2025), *report and recommendation adopted*, 2026 WL 737354 (S.D. Ohio Mar. 16, 2026).

* * *

The Court **grants** the motion to dismiss [R.25] and **denies** as **moot** the motions for a writ of mandamus and for a temporary restraining order [R.9, 13] and the motion for immediate judicial intervention [R.14].

Finally, the Court certifies, under 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**SO ORDERED**

Dated: October 30, 2026

*s/ Michael J. Hendershot*
**HON. MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**